# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:09cv376-DSC

| | | |
|---|---|---|
| **COMMERCIAL CREDIT GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **FALCON EQUIPMENT, LLC OF JAX,** | ) | |
| **FALCON EQUIPMENT, INC., TGR** | ) | |
| **ENTERPRISES, LLC, WILLIAM J. RIALS,** | ) | |
| **and DEREK J. RIALS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court <u>sua sponte</u> following the filing of "Plaintiff's Motion Seeking Summary Judgment Regarding Claim Two" (document #25) and withdrawal of Defendants' counsel.

On April 22, 2010, Plaintiff filed its "Motion Seeking Summary Judgment Regarding Claim Two" (document #25). That same day, Defense counsel moved to withdraw from representing both the individual and corporate Defendants with their written consent. <u>See</u> Document #26.

On April 26, 2010, the Court allowed defense counsel to withdraw. <u>See</u> "Order" (document #27).

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Defendants, who are presently proceeding <u>pro se</u>, are cautioned that they carry a heavy burden in responding to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the Defendants have any evidence to establish that there is a genuine issue for trial, they must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. As stated by Rule 56(e), Defendants' failure to respond may result in the Plaintiff being granted the relief it seeks by way of summary judgment. Accordingly, the Court will extend the time for Defendants to respond to the Motion for Summary Judgment, as ordered below.

However, although the Court will allow the Defendants an extension of time to respond to the pending dispositive Motion, **the Court warns the pro se corporate Defendants (Falcon Equipment, LLC of Jax, Falcon Equipment, Inc., TGR Enterprises, LLC) that they must immediately retain counsel**. Clearly, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft

Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and

Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d 547, 549 (2002) (same).[1]

**NOW THEREFORE, IT IS ORDERED:**

1. The pro se Defendants shall have until June 1, 2010 to file their response, including any evidence, to Plaintiff's Motion for Summary Judgment.

2. The pro se corporate Defendants shall secure counsel, who shall file an entry of appearance no later than June 1, 2010. In the event the corporate Defendants do not secure counsel within this period of time, Plaintiff may submit a motion requesting appropriate relief based upon the failure of those Defendants to be represented in this matter.

3. The Clerk is directed to send copies of this Order to the pro se Defendants at the following address c/o Mr. William J. Rials, 210 Peaceful Streams, Dahlonega, GA 30533; and to Plaintiff's counsel.

      **SO ORDERED**.                      Signed: May 11, 2010

                                           David S. Cayer
                                           United States Magistrate Judge

---

[1] While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"). See also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); and Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).