# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV376-DSC

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., )<br> )<br>Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>FALCON EQUIPMENT, LLC OF JAX, )<br>FALCON EQUIPMENT, INC., TGR )<br>ENTERPRISES, LLC, WILLIAM J. RIALS, )<br>and DEREK J. RIALS, )<br> )<br>Defendants. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Plaintiff's Motion Seeking Summary Judgment Regarding Claim Two [including argument]" (document #25) filed April 22, 2010.

The same day that Plaintiff filed its dispositive Motion, defense counsel moved to withdraw from representing both the individual and corporate Defendants with their written consent. See Document #26. On April 26, 2010, the Court allowed defense counsel to withdraw. See "Order" (document #27).

On May 12, 2010 and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) the Court entered an "Order" (document #28) advising the now pro se Defendants of their "heavy burden in responding to a motion for summary judgment" and ordering them to respond to the Motion for Summary Judgment on or before June 1, 2010. The Court warned Defendants that "failure to respond may result in the Plaintiff being granted the relief it seeks by way of summary judgment." Id.

In that same Order, the Court also **"warn[ed] the <u>pro se</u> corporate Defendants (Falcon Equipment, LLC of Jax, Falcon Equipment, Inc., TGR Enterprises, LLC) that they must immediately retain counsel**." <u>Id.</u> (emphasis in original). The Court <u>ordered</u> the <u>pro se</u> corporate Defendants to "secure counsel, who shall file an entry of appearance no later than June 1, 2010" or face entry of default judgment on Plaintiff's remaining claims. <u>Id.</u>

Defendants have not responded to Plaintiff's Motion for Summary Judgment nor have the <u>pro se</u> corporate Defendants retained counsel. Rather, on May 28, 2010, Defendant William J. Rials, who apparently is the principal of the corporate Defendants, submitted a letter informing the Court that those Defendants "have no money to hire a lawyer." Document #29.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the Plaintiff's Motion is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the Court will <u>grant</u> "Plaintiff's Motion Seeking Summary Judgment Regarding Claim Two," as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This diversity action arises out of a series of loans Plaintiff Commercial Credit Group, Inc. ("CCG") made to Defendants Falcon Equipment, Inc. ("FEI") and Falcon Equipment, LLC of Jax ("FEJ") for the purchase of construction equipment.

Plaintiff CCG is a Delaware corporation located in Charlotte, North Carolina and operates as a commercial equipment finance company. FEJ is a Georgia limited liability company located in Cumming, Georgia whose managers and members are William J. Rials, his son, Derek Rials and Rudy Johnston. (document #17-4, Exhibit E, "Written Consent of Members

and Managers"). FEI is a Georgia corporation also located in Cumming, Georgia that deals in heavy equipment machinery whose CEO, CFO, Secretary and Agent is William J. Rials.[1]

To secure the repayment of the loans, Plaintiff and Defendants FEI and FEJ entered into a series of security agreements, (collectively "the security agreements"), between February 8, 2006 and July 2, 2008. Plaintiff entered into eight (8) security agreements with FEI, and four (4) security agreements with FEJ. (document #17-3, Exhibit A). The security agreements created a special type of security interest called a purchase money security interest in goods[2], whereby Defendants' construction equipment became the collateral to secure the repayment of the loans. Defendant FEI then wrongfully sold items of the collateral to various purchasers between February 15, 2007 and September 24, 2008, in violation of Plaintiff's security interest in the collateral. (document#17-3, Exhibit D). Paragraph 4 of the security agreements states that the "Debtor will not sell, assign, mortgage, lease, pledge or otherwise dispose of the Collateral without the prior written consent of the Secured Party." (document 17-3, Exhibit A).

Subsequently, Defendants William J. Rials, Derek Rials, and TGR Enterprises, LLP, agreed to jointly and severally guaranty payment of all obligations of Defendants FEI and FEJ to Plaintiff. On October 23, 2007, Defendants William J. Rials and Derek Rials executed a "Secured Guaranty" ("guaranty") in favor of Plaintiff. (document #17-3, Exhibit C, pp. 58-9).

---

[1] According to the Georgia Secretary of State's "Annual Registration History," Derek Rials is not an officer of FEI. http://corp.sos.state.ga.us/corp/soskb/Corp.asp?829458.

[2] 6 Del.C. §9-103(b) **Purchase money security interest in goods.** –A security interest in goods is a purchase-money security interest:
    (1) to the extent that the goods are purchase-money collateral with respect to that security interest;
    (2) if the security interest is in inventory that is or was purchase-money collateral, also to the extent that the security interest secures a purchase-money obligation incurred with respect to other inventory in which the secured party holds or held a purchase-money security interest; and
    (3) also to the extent that the security interest secures a purchase money obligation incurred with respect to software in which the secured party holds or held a purchase-money security interest.

On October 20, 2008, TGR Enterprises, LLC, executed a "Secured Guaranty" in favor of Plaintiff.[3] (document #17-3, Exhibit C, pp. 60-1).

On January 29, 2009, Defendants FEI and FEJ, as co-makers, executed a "Negotiable Promissory Note" ("note"), payable to Plaintiff in the amount of $2,207,135.10. (document#17-3, p. 56). The note consolidated the FEI and FEJ debts owed to Plaintiff.

After failing to make payments on the note, Defendants FEI and FEJ defaulted on the promissory note. Plaintiff repossessed only a portion of the collateral, because Defendants had not surrendered all the collateral. On August 4, 2009, Plaintiff held a public auction to dispose of the collateral. Plaintiff bid on and purchased the repossessed collateral at the auction. Plaintiff then applied the amounts received from the sale of the collateral to the balance on the note. The unpaid balance on the note is $1,391,532.59.

Plaintiff filed this action on August 28, 2009, seeking a deficiency balance of $1,414,282.59 plus interest, attorney's fees and costs, as well as other relief. In the Complaint, Plaintiff alleged four separate claims against Defendants.

Plaintiff's first claim was a breach of contract action for a deficiency judgment against all Defendants jointly and severally for the amount remaining unpaid under the note, based on either the note or the guaranties. On January 8, 2010, the Court <u>granted in part</u> and <u>denied in part</u> "Plaintiff's Motion for Partial Summary Judgment" (document #17), including <u>granting</u> Plaintiff judgment on its first claim in the amount of $1,529,827.27. <u>See</u> "Memorandum and Order" at 29 (document #22).

---

[3]TGR Enterprises, LLC was a Georgia limited liability company with a principle place of business in Cumming, Georgia, but was administratively dissolved on May 16, 2008.

Plaintiff's second claim is for the conversion of property arising from Defendants' wrongful sale of the collateral. Plaintiff seeks a judgment against Defendants FEJ, FEI, William J. Rials and Derek J. Rials for the value of each item of the collateral wrongfully sold by Defendants. Upon consideration of Plaintiff's initial "Motion for Partial Summary Judgment" (document #17), the Court found that there was "an issue of material fact as to what individual actions Defendants took and their respective liability. Summary judgment is inappropriate in the face of such disputed issues of material fact." Document #22 at 27. Therefore, the Court <u>denied</u> Plaintiff's first Motion for Summary Judgment as to Plaintiff's conversion claim <u>Id.</u> In its present Motion, Plaintiff again seeks summary judgment as to its conversion claim.

Plaintiff's third claim is a general fraud claim against Defendants FEJ, FEI, William J. Rials, and Derek J. Rials arising out of the impermissible sale of the collateral. Plaintiff is not seeking summary judgment as to the fraud claim.

Plaintiff's final claim is made pursuant to the Uniform Fraudulent Transfer Act, which the Court has previously determined arises under Georgia statutes (O.C.G.A. §§ 18-2-70 *et seq*.).[4] The Court <u>denied</u> Plaintiff's first Motion for Summary Judgment as to this claim, and Plaintiff has not renewed its Motion. <u>See</u> Document #22 at 27-29.

In sum, in its present Motion, Plaintiff is seeking summary judgment as to claim two.

---

[4] In considering Plaintiff's first Motion for Summary Judgment, the Court found that "Georgia's version of the UFTA applies because Georgia is the state where the alleged fraudulent conveyance occurred." Document #22 at 27.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." See also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

As noted above, Defendants have not responded to Plaintiff's renewed Motion for Summary Judgment on the conversion claim, and the pro se Defendants have not retained

counsel as they were ordered to do. Concerning the latter point, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d 547, 549 (2002) (same). Moreover, the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"). See also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); and Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).

  B. **Conversion Claim**

Plaintiff seeks to hold Defendants FEI, FEJ, William J. Rials, and Derek Rials liable for the conversion of the secured collateral. In their response to Plaintiff's initial Motion for Summary Judgment, Defendants raised two issues regarding the conversion claim. Defendants contended that the FEI Invoices (document#17-3, Exhibit D) are unauthenticated inadmissible hearsay and therefore cannot be considered on a motion for summary judgment. The Court has

previously rejected this contention. See Document #22 at 23 (finding invoices are an admission by a party-opponent and possess the reliability of business records).

Second, Defendants contended there is an issue of material fact as to which, if any, actions were taken by William and Derek Rials with respect to the sale of the secured collateral. Initially, the Court found that "[t]here is evidence in the record that sales of the secured collateral were made by FEI (document#17-3, Exhibit D). However, it is unclear whether Derek Rials directed, participated or cooperated in those sales. It is also unclear to what extent William Rials was involved in the sales of the secured collateral." Document #22 at 26. For these reasons, the Court denied Plaintiff's first Motion for Summary Judgment as to Plaintiff's conversion claim Id. at 27.

Attached to its present Motion, Plaintiff has submitted exhibits which establish that Derek Rials and William Rials directed, participated and/or cooperated in those sales. The Affidavit of Bryant S. Wood, Vice President of J.M. Wood Auction Company, Inc., includes copies of e-mails authored by Derek Rials clearly showing that Derek Rials provided JM Wood with secured collateral for sale. (Document #25, Exhibit 1). Moreover, Mr. Woods avers that he communicated only with Derek Rials and William Rials concerning sales JM Wood conducted. Finally, Mr. Woods' Affidavit also incorporates attached copies of Fed Ex shipping receipts which show that those sale proceeds were shipped to William Rials.

As noted above, Defendants have ignored the Court's warning and instruction concerning their burden to respond to Plaintiff's Motion for Summary Judgment. As a result, this new evidence which establishes that Derek Rials and William Rials directed and participated in the

sales of secured collateral is undisputed. Accordingly, there is no longer an issue of material fact, and the Court will grant Plaintiff's renewed Motion as to its conversion claim.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. "Plaintiff's Motion Seeking Summary Judgment Regarding Claim Two" (document #25) is **GRANTED**, that is, the Court will enter judgment for the Plaintiff in the amount of $1,014,984.00, plus prejudgment interest from August 28, 2009 and Plaintiff's costs.

2. The Clerk is directed to place this case on the calendar for trial during the Court's August 23, 2010 Civil Jury Term for trial of Plaintiff's remaining claims.

3. The Clerk is directed to send copies of this Memorandum and Order to the pro se Defendants at the following address c/o Mr. William J. Rials, 210 Peaceful Streams, Dahlonega, GA 30533; and to Plaintiff's counsel

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: June 7, 2010

David S. Cayer
United States Magistrate Judge